UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROGER DALE LEWIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:09-1063 |
| ) | Judge Campbell |
| **CITY OF HENDERSONVILLE, ET AL.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Turney Center Industrial Prison in Only, Tennessee. He brings this action under 42 U.S.C. § 1983 against the City of Hendersonville, and twelve (12) other defendants. The plaintiff seeks money damages only, alleging violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

The complaint stems from the circumstances of the plaintiff's 1993 conviction on five counts of arson, and his subsequent twenty-one year sentence. The plaintiff alleges that the defendants engaged in numerous unconstitutional actions prior to and during his trial that resulted in his conviction, and in unconstitutional actions after his conviction that prevented him from obtaining post-conviction relief.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a

prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff makes numerous allegations pertaining to the defendants' actions prior to and during his trial, most of which, if true, would call the validity of his conviction into question. The law is well established that a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction, unless and until the conviction has been "favorably terminated," *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001).

The plaintiff's conviction was affirmed on direct appeal, and his request for state post-conviction relief was denied. (Docket Entry No. 1, pp. 5-6) His petition for federal *habeas corpus* relief was denied as well. (Docket Entry No. 1, p. 6) Because the plaintiff's conviction has not been "favorably terminated," those claims that would call the validity of his conviction into question

are barred under *Heck*.

In addition to the foregoing, all of the claims raised in this action, including those barred by *Heck*, are subject to the statute of limitations applicable to § 1983 claims brought in Tennessee.

Because Congress did not establish a limitations period applicable to § 1983 actions, federal courts apply the state personal injury statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)(superseded by statute on other grounds as recognized in *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 379-380 (2004)); *Wolfe v. Perry*, 412 F.3d 707, 713-714 (6th Cir. 2005); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). The statute of limitations for personal injury arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson*, 399 F.3d at 794; *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Although the duration of the statute of limitations is governed by state law, federal standards govern when the statute begins to run. *See Wilson*, 471 U.S. at 267; *Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1986). Under federal law, the statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 857 (6th Cir. 2003); *see also Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005); *Roberson*, 399 F.3d at 794. This inquiry is objective, and the court looks "to what event should have alerted the typical lay person to protect his or her rights." *Hughes*, 215 F.3d at 548.

The Court assumes for purposes of its statute of limitations analysis that the plaintiff did not become aware that he had a cause of action under § 1983 until his post-conviction evidentiary

3

hearing in March 2002.[1] (Docket Entry No. 1, p. 27) Assuming that the post-conviction evidentiary hearing was held on the last day in March 2002,[2] the statute of limitations would have run not later than April 1, 2003.

The envelope in which the plaintiff mailed his complaint to the district court is stamped as having been delivered to the prison mail room on November 4, 2009. (Docket Entry No. 1, Attach. Env.) This is the date that the plaintiff is deemed to have filed his complaint. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002). More than six and one-half years lapsed between April 1, 2003 and November 4, 2009. In other words, the plaintiff brought this action more than six and one-half years late.

Notwithstanding the foregoing, the plaintiff asserts that his complaint is timely. (Docket Entry No. 1, p. 6) However, it is apparent from the complaint that the plaintiff has confused the one-year limitations period in federal *habeas corpus* with the one-year statute of limitations applicable to actions brought under § 1983. (Docket Entry No. 1, pp. 5-6) The two are not the same. Whereas the one-year limitations period in federal *habeas corpus* actions is tolled during the period that a properly filed action is pending in state court, there is no equivalent tolling provision for actions brought under § 1983. The complaint is untimely.

The statute of limitations may, of course, be tolled in actions alleging civil rights violations. *See e.g., Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). The Supreme Court has recognized the doctrine of equitable tolling in civil rights cases, holding that statutory filing deadlines "should not

---

[1] It is clear from the complaint that the plaintiff was aware of many of his claims years before his post-conviction evidentiary hearing. The Court's assumption that the cause of action did not accrue until the plaintiff's post-conviction evidentiary hearing takes the complaint in the light most favorable to the plaintiff, while fixing a reliable not-later-than time for purposes of its statute of limitations analysis.

[2] The plaintiff does not provide the specific date in March on which the evidentiary hearing was held. The last day in March is the date most favorable to the plaintiff.

4

be construed to erect a jurisdictional prerequisite to suit in the district court." *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 397 (1982). Rather, the statutory filing deadlines are more analogous to a limitations statute, "subject to waiver as well as tolling when equity so requires . . . ." *Id.* at 398. Whether courts apply equitable tolling depends on an analysis of the following factors: 1) lack of actual notice of filing requirements; 2) lack of constructive notice of filing requirements; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; 5) the reasonableness of a plaintiff remaining ignorant of the requirement. *Andrews*, 851 F.2d at 151 (citing *Wright v. State of Tenn.*, 628 F.2d 949, 953 (6th Cir. 1980)).

It is apparent from the complaint that the plaintiff was aware that timeliness was an issue in this action – he just applied the wrong standard. While it is apparent that the plaintiff was diligent in seeking relief in both state and federal court from his conviction, the same cannot be said for his diligence in pursuing his claim under § 1983. He filed this action more than six and one-half years late. Nor, given that he was aware that timeliness was an issue, is it reasonable that the plaintiff should have remained ignorant of the proper standard for so long. For these reasons, equitable tolling is not warranted in this case. The complaint is time barred.

For the reasons explained herein, the complaint lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous. *Goodson v. Tennessee*, 102 Fed.Appx. 906, 907 (6th Cir. 2004)(cases dismissed under *Heck* are properly dismissed as frivolous); *Dellis*, 257 F.3d at 511 (6th Cir. 2001)(cases filed beyond the statute of limitations are properly dismissed as frivolous).

An appropriate Order will be entered.

/s/ Todd Campbell
Todd Campbell
United States District Judge